IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JANE DOE,                              §
                                       §
        Plaintiff,                     §
                                       §
v.                                     §          Civil Action No. 3:20-CV-02584-N
                                       §
SOUTHERN METHODIST                     §
UNIVERSITY,                            §
                                       §
        Defendant.                     §

## ORDER

This Order addresses Defendant Southern Methodist University's ("SMU") motion

to dismiss [19].  For the following reasons, the Court grants the motion.

### I.  ORIGINS OF THE DISPUTE

Plaintiff Jane Doe was a student at SMU.  While at SMU, Doe reported to the school

that she had been sexually assaulted by an SMU football player.  SMU conducted a Title

IX investigation of the incident and concluded that there was insufficient evidence.  Doe

then filed this lawsuit alleging Title IX claims as well as various state law claims against

SMU.  Compl. [1].  SMU filed a motion to dismiss the original complaint, and then Doe

filed an amended complaint.  SMU subsequently filed this motion to dismiss.

### II.  RULE 12(B)(6) LEGAL STANDARD

When ruling on a Rule 12(b)(6) motion to dismiss, a court must determine whether

the plaintiff has asserted a legally sufficient claim for relief.  *Blackburn v. City of Marshall*,

42 F.3d 925, 931 (5th Cir. 1995).  A viable complaint must include "enough facts to state

ORDER – PAGE 1

a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To meet this standard, a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012).  But a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).  A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citations omitted).

### III.  THE COURT DISMISSES THE TITLE IX CLAIMS

A plaintiff may establish liability under Title IX in two ways: (1) by establishing that there was an official policy of sex discrimination; or (2) by establishing that an official with authority to address the alleged discrimination failed to adequately respond while having actual knowledge of discrimination. *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1989).  If the plaintiff is attempting to establish liability under the second approach, the plaintiff must establish that the response amounted to deliberate indifference. *Id.*  "The deliberate indifference standard is a high one."  *Doe on Behalf of Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 219 (5th Cir. 1998).  Deliberate indifference may be characterized as before-the-fact indifference or after-the-fact indifference.

### A.  Doe Has Not Demonstrated Before-the-Fact Indifference

To establish before-the-fact indifference, a plaintiff must allege facts that show that an appropriate person, such as an official, had actual knowledge of a substantial risk that abuse would occur.  *A.W. v. Humble Indep. Sch. Dist.*, 25 F. Supp. 3d 973, 992 (S.D. Tex. June 11, 2014).  Doe alleges no facts that suggest any relevant person in authority at SMU had actual knowledge of a substantial risk that a sexual assault would occur.  Rather, Doe generally alleges that the general culture surrounding the football program at SMU gave rise to a potential risk for abuse.  This is not enough to sustain a claim for before-the-fact deliberate indifference.  *Rosa H. v. San Elizario Indep. Sch. Dist.*, 106 F.3d 648, 652–53 (5th Cir. 1997) (finding that a student could not recover from the school district unless the school district actually knew that there was a substantial risk that sexual abuse would occur).  As such, the Court finds that Doe has failed to plead a Title IX claim based upon before-the-fact deliberate indifference.

### B.  Doe Has Not Demonstrated After-the-Fact Indifference

"Deliberate indifference is an 'official decision by the recipient not to remedy the violation.'"  *King v. SMU*, No. 3:14-CV-3391, 2015 WL 12723026, at *3 (N.D. Tex. Apr. 27, 2015) (quoting *Gebser* 524 U.S. at 290).  A plaintiff may succeed on a Title IX claim if the university's response to the plaintiff's report is "'clearly unreasonable in light of the known circumstances' or the response follows an unjustified lengthy delay."  *Id.* (quoting *Davis v. Monroe County Bd. Of Ed.*, 526 U.S. 629, 648 (1999)).  Doe's complaint indicates that SMU responded to her report on the same day she submitted it and met with her within a few days of her report.  First Amend. Compl. 13 [14].  SMU concluded its investigation

just over two months later. *Id.* at 15.[1]  Doe has not cited any authority suggesting that an investigation of two to three months constitutes a lengthy delay.  Thus, the Court determines that there was not a lengthy delay.

Moreover, Doe has not alleged any other actions on the part of SMU that would rise to the level of clearly unreasonable in light of the known circumstances.  SMU promptly responded to Doe's complaint and resolved its investigation in a reasonable time frame. The fact that SMU found that it had insufficient evidence to take further action does not render its response on the whole unreasonable or deliberately indifferent.  *See I.L. v. Houston Indep. Sch. Dist.*, 776 F. App'x 675, 842–43 (5th Cir.) (finding that the school was not deliberately indifferent even if the response could have been better).  Thus, the Court finds that Doe has not adequately after-the-fact indifference to support a Title IX claim.

CONCLUSION

Because Doe has failed to state a claim for relief under Title IX, the Court grants the motion to dismiss.  Because this case is at an early stage, the Court declines to exercise jurisdiction over Doe's state law claims.  28 U.S.C. § 1367(c)(3).  Because the Court declines to exercise jurisdiction over the state law claims and because Doe has already amended her complaint once, the Court grants the motion to dismiss and dismisses Doe's Title IX claims with prejudice.

---

[1] Doe's complaint alleges that SMU's investigation took "over 100 days," but later notes that SMU delivered its decision to Doe on November 21, 72 days after her initial report on September 10.  First Amend. Compl. 13–15 [14].

Signed June 29, 2021.

David C. Godbey
United States District Judge